Curia, per Evans, J.
—
The appellant’s counsel concedes he cannot set off Ware’s note as a discount; and the consideration of this Court has therefore been confined to Dickinson’s note. Before the Act of 1798, the assignee of a note not negotiable had only an equitable interest; the legal interest was in the payee, and in his name the action must kave been brought. But since that statute he is, I presume, the legal owner. The legal interest is in him, for he may bring an action in his own name. It follows from this, that the moment the note is assigned, all right of set off ceases, except as to those demands which existed at the time of the assignment. Any debt which the payee might owe the maker after the assignment could not be set off, because it would be wanting in that mutuality whichis essential to the rightofset off’. If therefore Mayrant had asserted his legal interest in the note, by bringing an action in his own name, I apprehend there would- be no doubt the defendant could ‘not set off Thorn’s note to Dickinson, because it was admitteá on the trial, that it was endorsed by Dickinson after Thorn’s assignment of defendant’s note to Mayrant. But it is supposed, that as Mayrant has brought the action in Thorn’s name, he has thereby waived his right as assignee under the Act of 1798, and the case is to be decided as if he was only the equitable owner, and in that view, the charge of the Circuit Court was right, that the discount was admissible, if the notes were transferred, so as to make Myers the equitable owner, before he had notice of the assignment to Mayrant. If, after notice of the assignment to Mayrant, he became the owner of Thorn’s note, then it is clear Myers could not set it off’. On this principle, we have decided the case of Tibbets for Christie v. Wever, during the present term.
The Act of 1798 does not make it imperative on the as-signee to sue in his own name. The words are “the as-signee of any bond, note or bill may, and he is empowered, to bring an action in his own name and styling himself as-signee, provided, that the defendant shall not be precluded from the advantage of any discount or defence which he or she would have been entitled to if the action had been brought in the name of the obligee of said bond or the payee of such note or bill.” It is clear Mayrant might have sued in his own name. Whether his use of Thorn’s name can be considered as a waiver of the advantage which the law gives him as assignee, is a question about which a difference of opinion may exist. But it is not thought necessary to decide it in this case. The defendant has had the full benefit of the affirmative of that position by the charge of the presiding Judge, and the jury by their verdict have found that the “ two notes were not really transferred to Myers, so as to make him the equitable owner of them, before he had notice of the *213 assignment to Mayrant.” Assuming this proposition as established by the verdict, it is clear, the discount cannot be allowed.
The motion for a new trial is therefore dismissed.
Wardlaw, Frost, and Withers, JJ., concurred.

Motion refused.